CHARLES H. BROWER, #1980-0
900 Fort Street, Suite 1210
Honolulu, Hawaii 96813
Telephone (808) 526-2688
Facsimile: (808) 526-0307
Email: honolululaw808@gmail.com

MICHAEL P. HEALY, #4777-0
1188 Bishop Street, Suite 3304
Honolulu, Hawaii 96813
Telephone: (808) 525-8584
Facsimile:  (808) 376-8695
Email: honolululawyer@outlook.com

Attorneys for Plaintiff
Teresa G. Grant

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TERESA G. GRANT, | CIVIL N0. _____ |
| Plaintiff, | COMPLAINT; JURY DEMAND; SUMMONS |
| vs. | |
| DAVIDSON HOTEL COMPANY, LLC, and DHC FOOD & BEVERAGE CORPORATION, | |
| Defendants. | |

## **COMPLAINT**

Comes now Plaintiff TERESA G. GRANT, by and through her undersigned counsel, and for a cause of action for negligence against Defendants Davidson Hotel Company, LLC, and DHC Food & Beverage Corporation alleges and avers as follows:

## JURISDICTION

Jurisdiction of this Court is according to the diversity of citizenship of the parties under 28 U.S.C. § 1332(a)(1). The matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs.

## FACTS

1.     At all times mentioned herein, Plaintiff Teresa G. Grant (hereinafter "Plaintiff") was and is a resident of Sacramento, California.

2.     At all times mentioned herein, Defendant Davidson Hotel Company, LLC, has been a foreign profit corporation incorporated in the State of Delaware doing business in Hawaii.

3.     At all times mentioned herein, Defendant DHC Food & Beverage Corporation has been a foreign profit corporation incorporated in the State of Delaware doing business in Hawaii.

4.     Defendants own, operate, maintain and control the Sheraton Kauai Coconut Beach Resort (Coconut Beach) on the Island of Kauai, State of Hawaii.

5.      All events material to this Complaint occurred within the County of Kauai,

State of Hawaii.

6.      On December 10, 2019, while staying as a paid guest at the Coconut Beach

located in Kapaa, Hawaii, Plaintiff sustained a near amputation of her left middle

finger while attempting to adjust a lounge chair on which she was seated. Suddenly

the chair collapsed on Plaintiff's left hand, pinning her hand and fingers between

two metal bars.

7.      Plaintiff attempted to raise the chair to free her hand but could not. It was

not until another person came to Plaintiff's aid that she could free her hand. A hotel

employee brought a first aid kit and notified the hotel management of the incident.

The employee informed Plaintiff that management had advised its employees to be

"careful moving the chairs" because they can "badly pinch fingers." Plaintiff

noticed that Defendant had recently renovated the pool area and that the pool

chairs appeared to be new.

8.      The incident described in paragraphs 6 and 7 above occurred as a direct and

proximate result of Defendants negligence in adequately maintaining its pool

chairs, failing to provide safe chairs for use, and failure to warn of hazardous

conditions of the chairs to its guests and the public.

9.      Soon after the incident, Plaintiff went to the Wilcox Memorial Hospital in

Lihue, Hawaii, to receive emergency medical treatment. Examination revealed

Plaintiff suffered an "Open nondisplaced fracture of the distal phalanx of the right middle finger, initial encounter." Plaintiff reported that a "laceration occurred after getting her finger pinched on a lawn chair." Plaintiff's treating surgeon said that the "Laceration was near amputation." Plaintiff was advised to see a hand surgeon upon her return to California.

10.    Upon Plaintiff's return to the hotel from surgery, she provided a statement to a manager, who advised he would meet with Plaintiff upon her check out the next morning, December 11, 2019.

11.    The following day,  Plaintiff ate breakfast at the hotel restaurant before checking out. A hotel employee noticed Plaintiff's bandaged finger, and Plaintiff explained what happened with the pool chair. The employee responded by telling Plaintiff that hotel management warned staff about the dangerous condition of the chairs, which were new to the hotel pool area. Specifically, the employee said management "warned of potential injury with fingers being pinched between the frame of the chairs."

12.    After breakfast, before checking out, Plaintiff requested to see the manager who took her statement the previous day as she wanted a copy of the injury report. The manager was "not available," and the hotel would not give Plaintiff a copy of the incident report.

13.	Upon her return to California, Plaintiff sought and received follow-up treatment at the UC Davis Health Center located in Sacramento, California. Plaintiff received follow-up care for over one year for her injuries.

14.	Plaintiff endured significant pain and suffering due to the negligence of Defendants. Plaintiff was unable to work at her job as a flight attendant and her business doing arts and crafts for a considerable time due to the injuries she sustained. Plaintiff's left middle finger is scarred, and she has lost all nerve sensation in the tip of her finger. Plaintiff's doctor advised that she may develop Neuroma due to the injury, resulting in an amputation of the finger as the only option for stopping pain. Since the finger injured is on her dominant hand, it impacts everything she does, including carrying, holding, writing, typing, sewing, and hobbies she enjoyed before the incident.

15.	Defendants were aware of the dangerous condition of the chairs because several employees of the hotel said they were "warned" to "be careful" with the chairs. It is further likely that the hotel had other similar incidents and knew of the dangerous condition of the chairs.

16.	In November of 2019, a guest who stayed at the hotel wrote a google review and commented on the hazardous chairs used by the hotel. In this post, a writer said: "Pool chairs could be better. I caught my finger in between the chair's back

and frame when the back of the chair slipped out of the height adjustments grooves and slammed flat. I was lucky it just pinched it and not worse."

17.    As a direct and proximate result of Defendants negligence, jointly and severally, Plaintiff suffered the following: significant physical injuries, pain and suffering, emotional distress, diminished enjoyment of life, medical and rehabilitative expenses, past lost earnings, earnings loss, future earnings impairment, and other special damages to be proved at trial.

WHEREFORE, Plaintiff prays for damages as follows:

A.  General damages for Plaintiff in amounts to be proved at trial;

B.  Special damages in amounts to be proved at trial;

C.  Attorney's fees, costs of suit, prejudgment interest, and such other relief as this court deems appropriate.

DATED:  Honolulu, Hawaii, December 10, 2021.


_/s/_ Charles H. Brower
CHARLES H. BROWER
MICHAEL P. HEALY
Attorneys for Plaintiff
Teresa G. Grant